Isaach, Plaintiff and Appellee, v. Del Toro, Defendant and Appellant.

Appeal from the First District Court of San Juan in an Action for Damages.

No. 3138.—Decided February 19, 1925.

Damages—Mortgage—Foreclosure—Service of Summons—Return—Affidavit.
—Although the age of a process server may be shown independently of his return, generally such showing should be made by evidence *aliunde* at the trial and in case of the service of a demand for payment in summary foreclosure proceedings the mere statement of the official before whom the affidavit to the return was made that the affiant was of age does not cure the defect of failure to state in the body of the affidavit that the process server was over eighteen years of age.

Id.—Id.—Id.—Judicial Sale—Jurisdiction—Pleading.—The complaint in this subsidiary action for damages was filed in 1921, it being alleged that the judicial sale of the mortgaged property was void for lack of jurisdiction. The defendant demurred for failure to state a cause of action in that the complaint alleged the present value of the property instead of its value in 1917 when it was sold. *Held:* That the value of the property disposed of by the defendant is at most a matter affecting the measure of damages. Such value at the time of the sale thereof by the defendant was a matter

peculiarly within his own knowledge, and in view of the short period of time intervening between the two dates the failure to specify the value at the moment of transfer does not appear to be a serious matter. In any event the defect, if it be a defect, can hardly be regarded as a complete failure to state a cause of action.

ID.—ID.—ID.—ID.—ID.—In an action for the annulment of foreclosure proceedings because of lack of jurisdiction it is not necessary to allege that the plaintiff tendered payment to the defendant of the debt secured by the mortgage on the property sold and the value of which is sued for. Sections 1271, 1274 and 1275 of the Civil Code refer to voidable contracts rather than to judicial sales which are void because of lack of jurisdiction.

ID.—ID.—ID.—FRUITS.—The purchaser of a house at a judicial sale which is void because of jurisdictional defects is not bound to restore as fruits the amount of interest to which section 1274 of the Civil Code refers, but the property together with its rents and profits or an equivalent in money if the property has passed into the hands of an innocent purchaser.

ID.—ID.—ID.—It was assigned as error that the judgment allowed recovery of the profits of the property whose sale at public auction was held void for lack of jurisdiction, without making any deduction to cover the expenses of maintenance and taxes. *Held:* That as the sum of $26 per month allowed represented the rent received for so much of the mortgaged premises only as was not occupied by the mortgagor and his wife, and as the evidence shows that rents have continuously increased in the immediate neighborhood since the date of foreclosure and that the house was a new one, in the circumstances it is safe to assume that the rental value of the apartment in which plaintiff and his wife lived, which was not included in the monthly rate adopted by the court below, was more than enough to compensate the defendant for any taxes paid or expenditures incurred by way of maintenance.

The facts are stated in the opinion.

*Messrs. E. Lefebre* and *A. Marín Marién* for the appellant.

*Mr. M. Tous Soto* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The judgment below was based by the trial judge upon the following statement:

"This is an action to recover damages based upon the nullity of a foreclosure proceeding instituted in the year 1913 by Agapito del Toro, the defendant in this case, against the plaintiff Isaac Candelario and his wife wherein the first named acquired at public auction in payment of a mortgage credit and other amounts claimed the property described in the complaint filed. Said mortgage foreclosure proceeding was instituted in this court and the transcript of the evidence is No. 6908.

"The plaintiff maintains that the order of sale in the foreclosure

proceeding is void, among other reasons, because rendered by a court that did not acquire jurisdiction over the person of the defendant. He bases this argument on the ground that the summons was served by a private person who did not state in the body of the affidavit that he was over 18 years of age. A literal copy of the return of the service of such summons follows:

" 'I, José F. Franco Valdés, over 18 years of age, resident of San Juan and without interest in this suit, state under oath: That I received the present summons and a copy of the petition on which it was based at 2 p. m. this 23rd day of September and that I personally served defendant Francisca Suárez, wife of the other defendant Andrés Isaach Candelario, who was the only person in charge of the property referred to in the said summons, consisting of the house described in the complaint, domicile of the defendant spouses. That I showed her this original and explained its contents, serving on her a copy thereof and of the petition. I also requested her to pay the plaintiff the amounts claimed within thirty days from this date, warning her that in case she failed to do so the mortgaged property would be sold at public auction.

" 'The foregoing service was made this day at 3:30 p. m. San Juan, September 23, 1913.—(sd) José F. Franco y Valdés. Subscribed and sworn to before me by José F. Franco Valdés, of age, single, resident of San Juan, whom I personally know, this 24th day of September, 1913.—(sd.) C. Marrero, Secretary, District Court.—By Francisco Negroni, Assistant Secretary, District Court.'

"It will be seen that while the person who made the service stated that he was over 18 years of age, he did not make this statement under oath, thereby vitiating all subsequent proceedings. This is a question that has been already decided by our Supreme Court in various cases, among them Andino v. Knight, 20 P.R.R. 185, and Quintana *et al.* v. Aponte 26 P.R.R. 169, and, more particularly because of their similarity to the present, the cases of Buonomo v. Succession Juncos, 28 P.R.R. 380, and López *et al.* v. Quiñones, decided April 10, 1922.

"In deciding this same question in the case of Buonomo v. Succession Juncos, *supra*, in connection with a summons served in the same manner as here, the Supreme Court said:

" 'When the return of a summons served by a person other than the marshal does not show that such person was more than eighteen years old at the time and had no interest in the suit, the court does not acquire jurisdiction over the person said to have

been summoned and a judgment entered on the basis of such summons and a sale made in execution of such judgment are null and void.' "

"From the pleading of the plaintiff himself it is inferred that the property in dispute passed to a third person by virtue of a deed duly recorded in the registry of property, and this is also shown by the evidence introduced. Wherefore, intending as we do to decide this case in favor of the plaintiff, the restoration of the property as prayed for becomes impossible and in lieu thereof the court has decided to adjudge the value of the property and the fruits thereof from the time the plaintiff took possession.

"The court is of the opinion that the property has been shown by the evidence to be worth $3,000 and that the fruits thereof should be estimated at $26 monthly from the time defendant Agapito entered into possession of the property until the judgment to be rendered herein is definitely complied with.

"In view of all the foregoing the court is of the opinion that it should, and it does, sustain the complaint filed, and directs the defendant to pay to the plaintiff the sum of $3,000 together with the mesne profit at the rate of $26 a month from November 24, 1913, until the payment in full of the amount of this judgment."

Appellant says—

"1.—That the court erred in sustaining the complaint.

"2.—That the court erred in overruling the demurrer that the complaint does not state facts sufficient to constitute a cause of action.

"3.—That the court erred in allowing as mesne profits the sum of $26 monthly until the date of payment.

"4.—The court erred in mulcting the plaintiff in costs."

The argument under the first assignment is in substance that the only grounds of absolute nullity specified in the complaint are the defective service of the demand for payment as made upon the wife of the mortgagor and the total absence of any service upon the mortgagor in person; that in the case of *Buonomo* v. *Juncos,* 28 P.R.R. 380, and other cases cited by the trial judge (except that of *Andino* v. *Knight,* 20 P.R.R. 185) there was no certificate as to the age of the person who made the service; and that section

3 of the Law of Affidavits, Compiled Statutes, sec. 17, reads
in part as follows:

"Sec. 3.—The affidavit or declaration of authenticity shall be
drawn in the following form:

"Sworn to and subscribed before me, by＿＿＿＿＿ (name, age, trade
or occupation and residence), personally known to me＿＿＿＿＿."

It is true, as pointed out by appellant, that this court
has held that the fact as to age may be shown independently
of the affidavit of service. But such showing ordinarily
should be made by evidence *aliunde* adduced at the trial,
thus affording an opportunity for cross-examination if the
evidence be oral, or for objection if documentary. In the
absence of anything more persuasive than a prescribed form
for the jurat, and in so far as the service of a demand for
payment in summary foreclosure proceedings is concerned,
we are constrained to hold that a bare recital by the notary
or clerk before whom the affidavit is made can not be ac-
cepted as the equivalent or as a satisfactory substitute for
the sworn statement of the affiant.

Nor do we deem it necessary to follow appellant in an
equally unsuccessful effort to establish the proposition that
service upon the wife, without a personal demand upon the
husband, is all that is required in the summary foreclosure
of a mortgage upon community property.

The theory of the second assignment seems to be that
plaintiff was obliged to make some sort of a tender in ac-
cordance with sections 1271, 1274 and 1275 of the Civil
Code, but without any definite indication as to the exact
nature of the omission in question. Obviously the sections
relied upon refer to voidable contracts rather than to void
judicial sales, and do not require a mortgagor to pay the
amount due under the mortgage as a condition precedent
to a decree establishing the absolute nullity of the fore-
closure proceedings for want of jurisdiction.

The contention that the complaint alleges the value of

the property in the present tense as of the time of filing, instead of the value at the time of conveyance by defendant, is somewhat more specific, but equally untenable. The gist of the action is the nullity of the foreclosure proceeding for want of jurisdiction. The value of the property disposed of by defendant is at most a matter affecting the measure of damages. The property was sold by defendant in 1917 and the complaint was filed in 1921. The value of the property at the time of the sale thereof by defendant was a matter peculiarly within his own knowledge, and in view of the short period of time intervening between the two dates the failure to specify the value at the moment of transfer does not appear to be a serious matter. In any event the defect, if it be a defect, can hardly be regarded as a complete failure to state a cause of action.

This becomes even more apparent if we consider the question of variance, which is discussed at some length in the brief for appellant. At the trial there was no proof of present value beyond the introduction in evidence of the deed executed by defendant; and the purchase price named therein was adopted by the court below as the basis for its judgment.

No objection whatever was made to the admission of this instrument; and the value of the property at the time of such conveyance, in the absence of any showing to the contrary, would be presumed to have continued without appreciable change for a reasonable period. Any enhancement in value subsequent to that date, in the absence of any evidence thereof, can not prejudice defendant; and any decrease can not in any event, and under defendant's own theory as to the proper measure of damages, inure to his benefit or advantage. In the total absence of any intimation of surprise in the court below we need not go further into the merits of appellant's argument on this point, nor again repeat what has been reiterated from time to time in a uniform series of more or less recent decisions by this court

in regard to the futility of raising such questions for the first time on appeal.

The third assignment is based primarily upon section 1274 of the Civil Code, already referred to, which reads as follows:

"Sec. 1274.—Whenever a person, who is obliged by a declaration of nullity to return a thing, can not return it because it has been lost, he must return the fruits collected and the value which the thing had when lost, with interest from the same date."

The contention merely serves to illustrate and to emphasize the danger of an indiscriminate application of the code provisions governing the rescission or annulment of existing contracts to revendicatory actions for the recovery of property sold at a judicial sale alleged to have been void *ab initio* because of jurisdictional defects. In a case of this kind plaintiff is entitled to recover from defendant, as a possessor in bad faith, the property together with the rents and profits, or, as damages and in lieu thereof, an equivalent in money if the property has passed into the hands of an innocent purchaser. To adopt the theory of appellant would mean that a mortgagee by false averments in his application for a summary foreclosure, and by resorting to the simple expedient of an immediate transfer or of permitting a third person to buy the property at the public sale, can first deprive the mortgagor of his property without a hearing as to any matter not enumerated as a defense in the Mortgage Law; and then oblige him to accept instead of the rents and profits accruing from real property, interest at the legal rate of 6 per cent per annum upon the value thereof at the time of the sale. We are unwilling to impute to the framers of the Civil Code an intention to enable an unscrupulous or careless mortgagee, who elects to institute summary foreclosure proceedings, thus to avoid the risk and evade the responsibility imposed upon him by the express terms of the Mortgage Law.

It is also suggested that no allowance or deduction was made to cover expenses incurred in connection with the property, especially in the matter of taxes, which at least, it is urged, may be presumed to have been paid by defendant. Conceding for the sake of argument that the doctrine of *Arvelo* v. *Bank, supra,* cited by appellant in support of his contention, is applicable to city property, and that the burden was upon plaintiff to show not only the amount of rental, but the net returns, and that in the absence of any evidence as to cost of maintenance and repairs or sums paid for taxes a liberal allowance sufficient to cover any hypothetical maximum in this regard should be made,—yet we find no satisfactory ground upon which to base a modification of the award as made by the trial judge. The rate of $26 per month represented the rental received for so much of the mortgaged premises only as was not occupied by the mortgagor and his wife and the evidence shows that rents have continuously increased in the immediate neighborhood since the date of foreclosure. It also appears that the house was a new one. In the circumstances it is safe to assume that the rental value of the apartment in which plaintiff and his wife lived, which was not included in the monthly rate adopted by the court below, was more than enough to compensate defendant for any taxes paid or expenditures incurred by way of maintenance.

The proposition involved in the fourth assignment is submitted by appellant as a corollary to the conclusions reached in the brief with reference to the matters already discussed herein. It will suffice to say therefore that we are not disposed to extend the doctrine of *López* v. *Quiñones, supra,* also cited by appellant in this connection, to cover the facts of the instant case, and that we find no abuse of discretion on the part of the trial judge in awarding the costs to plaintiff.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.